UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CR-0002-CVE |
| ) | |
| PHYLLIS JUNE MATTHEWS, ) | |
| a/k/a PHYLLIS JUNE ADDINGTON ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is Defendant Phyllis June Matthews's Motion for Production of Brady Material or, in the Alternative, in Camera Review of Such Material and Brief in Support (Dkt. # 15). Matthews seeks to compel production to her of John Mines's personnel file[1] with the Catoosa, Oklahoma Police Department or, in the alternative, production to the Court for in camera review.

**I.**

On February 8, 2010, Matthews pled guilty to an indictment (Dkt. # 2) charging her with three counts of knowingly and intentionally distributing a quantity of Hydrocodone, a Schedule III controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). Dkt. # 12. At the change of plea hearing, Matthews stated that on each of the three dates set forth in the indictment, she gave a friend two Hydrocodone pills. Hearing Transcript, at 10:10:00 - 10:12:15. At the hearing, the

---

[1] Matthews's motion requests production John Mines's personnel file only. Dkt. # 15. The government's response (Dkt. # 17) and Matthews's reply (Dkt. # 18) refer to John Mines's and Paul Whitmire's personnel files. The Court will consider Matthews's motion as a motion for production of both Mines's and Whitmire's files.

government stated that 31 pills were involved. Id. at 10:12:00 - 10:12:45. The quantity of pills involved may influence the Court's sentencing determination in this case.

Matthews provided the pills to John Mines, a former Catoosa Police officer. It is anticipated that Mines will testify at the sentencing hearing in this case. Dkt. # 17, at 2. It is also anticipated that Whitmire, another former Catoosa Police officer, will testify. Id.

**II.**

Brady v. Maryland, 373 U.S. 83 (1963) and its progeny require prosecutors to disclose to the defendant information favorable to the defendant, material to either guilt or punishment. Id. at 87. This includes impeachment evidence. United States v. Bagley, 473 U.S. 667, 676 (1985).

Under some circumstances, internal police investigations may bear on the credibility of a testifying police officer or former police officer. See United States v. Rosario Fuentes, 231 F.3d 700, 705 (10th Cir. 2000) (noting that such evidence could be relevant to credibility, but determining that the trial court did not abuse its discretion in limiting the scope of inquiry as to the topic of internal investigations).

Matthews has requested Mines's personnel file, including any internal affairs investigations, from the Catoosa Police Department. The government states that "[t]he Catoosa Police Department has been asked to examine the files of [Mines and Whitmire] . . . regarding any findings of misconduct to determine whether any credible allegations have been made against either of them regarding their truthfulness and if there is any Brady/Giglio material or evidence that impeaches either officer or tends to exonerate the defendant." Dkt. # 17, at 1-2.

If a defendant makes a plausible showing that the file will produce material evidence, in camera review of the file is appropriate. See Pennsylvania v. Ritchie, 480 U.S. 39, 58 n.15 (1987).

The Court finds that Matthews has made such a showing with regard to any internal affairs investigations or other misconduct contained in Mines's or Whitmire's personnel files, and that <u>in camera</u> review is appropriate. The Court will not, however, order production of the personnel files directly to Matthews. <u>See</u> <u>id.</u>, 480 U.S. at 59 ("although the eye of an advocate may be helpful to a defendant in ferreting out information, this Court has never held . . . that a defendant alone may make the determination as to the materiality of the information") (internal citation omitted).

**IT IS THEREFORE ORDERED** that Defendant Phyllis June Matthews's Motion for Production of Brady Material or, in the Alternative, <u>in Camera</u> Review of Such Material and Brief in Support (Dkt. # 15) is **granted in part** and **denied in part**: it is granted insofar as Matthews seeks <u>in camera</u> review of portions of Mines's and Whitmire's personnel files; it is denied insofar as Matthews seeks production of those files directly to her.

**IT IS FURTHER ORDERED** that defendant shall cause a subpoena to be issued to the Custodian of Records of the Catoosa Police Department for production any portions of John Mines's or Paul Whitmire's personnel files relating to internal affairs investigations or other misconduct, to be produced no later than April 26, 2010 for <u>in camera</u> review by the Court. Defendant shall cause service of the subpoena, and process costs shall be paid pursuant to Fed. R. Crim. P. 17(b).

**IT IS SO ORDERED** this 14th day of April, 2010.

_Claire V Eagan_
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

3